UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINAL LEE DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>EDWARD J. MCBRIDE, et al.,<br><br>        Defendants. | No. 20-cv-17578 (NLH) (KMW)<br><br>OPINION |

APPEARANCES:

Reginal Lee Davis
4331835
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08103

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Reginal Lee Davis filed a complaint under 42 U.S.C. § 1983.  ECF No. 1.  At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will dismiss the complaint without prejudice.

    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in

1

forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff's amphigory makes a few allegations but is mostly a string of meaningless words and citations.  He states Judge Edward McBride "denied me relief in 2015, recharging me on a issue wherein I was released . . ." and that Camden County Department of Corrections Director David Owens "detained

2

illegally refused transcripts years COPScams restraints used special security eval law library . . . stealing evidence estoppel name change appeal since 4-20-17 ERROR." ECF No. 1 at 3-4. He also asserts Camden County Prosecutor Jill Mayer engaged in "misconduct acts discrimination duress event blues trial application reverse remand equal suit title ILLEGALaws due process double jeopardy violations on pro se et al . . . ." Id. at 5.

From what the Court can discern, Plaintiff was taken to trial in September 2013 before Judge Blue in Camden County. Id. at 6. He states his "hearing to proceed (pro se) have been (derailed) estoppel . . . rules of professional conduct Jill Mayer (discovery) transcripts on these (cases) haven't been (produced) Interstate Agreement on Detainers (denied) stealing mail to (coverup) their (illegal acts) they claim excludable time its been 3 ½ years (Speedy Trial)." Id. at 7. He claims that Judge McBride "never (proved) probable cause" and asserts that "[t]hese matters constitute a (Constitutional Court) because all my (Jurisdictional) arguments are being stopped treaties eliminated see: numbers on name extortion existence (birth certificate) definition on legal name." Id.

The Court presumes that Plaintiff is attempting to challenge various aspects of his state court criminal proceedings based on allegations of misconduct by the prosecutor

3

and various rulings by the trial court. Such claims would be barred by Heck v. Humphrey, which prohibits a plaintiff from bringing a § 1983 claim that would necessarily imply the invalidity of his conviction "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). Moreover, Judge McBride "is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978). Prosecutor Mayer would also enjoy absolute immunity for certain claims, including malicious prosecution. Prosecutors are afforded absolute immunity for acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case." Yarris v. Cty. of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976))) (recognizing that absolute immunity applies to all activities intimately associated with prosecutorial duties).

To the extent Plaintiff alleges a speedy trial violation, he may not proceed with that claim in a civil rights action. The "only possible remedy" for a speedy trial violation is the dismissal of the indictment, so this claim may only be brought

4

in a habeas corpus proceeding.  See Barker v. Wingo, 407 U.S. 514, 522 (1972).

The Court will dismiss the complaint without prejudice for failure to state a claim and will allow Plaintiff to submit a proposed amended complaint.  In the event he elects to file a proposed amended complaint, the Court urges Plaintiff to state his allegations in a short, plain matter without resorting to "pointless rhetoric, senselessly-picked Latin terms, irrelevant constitutional excerpts, etc."  El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537, 557 (D.N.J. 2011).

An appropriate order follows.


Dated: June 7, 2021       s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.